Citizens National Bank, to use, *v.* Hallock et al., Appellant.

Argued January 28, 1931. Before FRAZER, C. J., WALLING, SIMPSON and KEPHART, JJ.

*George Morrow,* for appellant.

*A. G. Rutherford,* for appellee.

PER CURIAM, March 16, 1931:

This appeal is from the refusal of the lower court to open a judgment entered on default in an action based on two promissory notes. The notes in question are renewals of notes originally given to the partnership of L. D. Hallock and W. C. Sutcliffe, defendants, trading as the Hallocliff Lumber Co., to cover debts due the firm. The original notes were discounted by the Citizens National Bank of Tunkhannock, and the funds credited to the lumber company. The partnership was dissolved March 1, 1928, under a written agreement by which Hallock assigned his entire interest in the firm to Sutcliffe, including all "assets of any kind" (with one exception of no consequence here), Sutcliffe agreeing to "discharge in full all outstanding liabilities against the said partnership on or before the first day of March,

1928, so that the same shall not be in any manner whatsoever a charge against" Hallock, and to procure reasonable releases of obligations upon the part of Hallock to assume to pay firm debts. It was further agreed that, upon Sutcliffe's performing his part of the agreement, he should be released "from all accounts, claims and demands relating to the said partnership and from all causes of action,......matters or things arising out of or contained in the agreement of partnership......, but without prejudice to any rights, claims or remedies of the parties hereto under any of the terms, provisions and conditions of this agreement."

The renewal notes on which this action is based are endorsed individually by Hallock, Sutcliffe, and another who has been released as a party defendant. Upon maturity, the obligations not being paid by promisor, plaintiff bank brought suit against Hallock and Sutcliffe, jointly, as endorsers, and judgment against them was entered for want of a sufficient affidavit of defense. The bank assigned the judgment to J. E. Long. Hallock, rather than have execution issue against him, paid Long, took an assignment of the judgment, and issued execution against Sutcliffe, who petitioned to have the judgment opened. Sutcliffe and Hallock each disclaim responsibility for these notes under the terms of the agreement dissolving the lumber company partnership, notwithstanding their individual endorsements.

The court below rightly says in its opinion refusing to open the judgment: "To ask to have a judgment opened is equivalent to saying that, for want of consideration, or for other good reasons, judgment should never have been entered and probably would not have been......if the defendant had been given an opportunity to present the merits of his defense. There is no contention by the petitioner that judgment should not have been entered by the Citizens National Bank against W. C. Sutcliffe and L. D. Hallock. The latter two men have no 'merits' to offer as a defense against the bank's

judgment. What the petitioner is attacking is not the judgment but its collection since the judgment passed into the hands of his codefendant, L. D. Hallock. If there is merit in the facts pleaded in his petition, a court of law is not the place to present them and to look for his remedy...... Sutcliffe's remedy, if any he has, is to file a bill in equity to prevent the issuing of execution on the judgment or [to secure] a rule to stay execution perpetually, which......proceeding will be decided according to equitable principles." We need add nothing to what we have just quoted from the opinion of the learned judge of the court below.

The order discharging the rule to open judgment is affirmed.